# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No. 1:19-cv-00539-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANT JOHN DOE ON PLAINTIFF'S CLAIMS FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AND RETALIATION IN VIOLATION OF THE FIRST AMENDMENT<br><br>(ECF NO. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285<br><br>THIRTY (30) DAY DEADLINE |

Thomas Gleason ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 24, 2019. (ECF No. 1).

The Court finds that Plaintiff has stated cognizable claims against defendant John Doe for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

As the only defendant in this case is a doe defendant, the Court will not authorize service of process at this time. Instead, the Court will allow Plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation that may allow him to

1

1 | identify the doe defendant. If Plaintiff is able to identify the doe defendant, he should file a
2 | motion to substitute the named individual in place of defendant John Doe.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The events alleged in the complaint occurred at the Delano State Prison reception center building.

On March 20, 2017, at approximately 2:30 p.m., defendant Correctional Officer John Doe gave all the United States postal mail to an inmate to pass out. The inmate threw out just about all of the mail for the black inmates. Plaintiff personally got three of his letters out of the trash.

Plaintiff confronted defendant John Doe, and defendant John Doe told Plaintiff not to tell him how to run the unit. Plaintiff then asked for a 602. Defendant John Doe asked Plaintiff why he wanted one, and Plaintiff replied "because I'm going to 602 you." Defendant John Doe then said "turn around and cuff up." Defendant John Doe then took Plaintiff into the sally port, pressed Plaintiff's face against the wall, and hit Plaintiff on the side of the head and in the ribs. Defendant John Doe then said "listen good. I run this fucking building the way I see fit do you hear me." Plaintiff said "yes" because he did not want to be hit again. Defendant John Doe then asked Plaintiff if he still wanted the 602, and Plaintiff replied "no." Defendant John Doe then slapped Plaintiff on the side of the head and said, "yeah that['s] what I thought[,] now go lock-up shit head."

Plaintiff alleges that he is now hesitant to write 602s.

Plaintiff brings an excessive force claim and a retaliation claim against defendant John Doe.

## III. EVALUATION OF PLAINTIFF'S CLAIMS

a. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

3

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

      b. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not... use excessive physical force against prisoners." Farmer, 511 at 832. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

Plaintiff alleges that, after he asked for a 602, defendant John Doe cuffed Plaintiff and then took him to the sally port. Defendant John Doe then pressed Plaintiff's face against the wall and hit him on the side of the head and in the ribs. After a short conversation, defendant John Doe then slapped Plaintiff.

Based on Plaintiff's allegations, the Court finds that Plaintiff has stated a cognizable excessive force claim against defendant John Doe.

  c. Retaliation

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in

these activities.  Rhodes, 408 F.3d at 567.

Here, Plaintiff has alleged that he requested a 602 so that he could file a complaint about defendant John Doe's conduct.  In response, defendant John Doe cuffed Plaintiff and hit Plaintiff on the side of the head and in the ribs.  When defendant John Doe then asked if Plaintiff still wanted a 602, Plaintiff said no.

Based on Plaintiff's allegations, the Court finds that Plaintiff has stated a cognizable retaliation claim against defendant John Doe.

## IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it states cognizable claims against defendant John Doe for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

The Court will allow Plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation that may allow him to identify the doe defendant.  When completing the subpoena form (form AO 88B), Plaintiff should identify with specificity the documents he is seeking.  Once Plaintiff has completed and returned form AO 88B and form USM-285, the Court will direct the United States Marshals Service to serve the subpoena on the California Department of Corrections and Rehabilitation.[1]  The Court notes that it may limit Plaintiff's request for production of documents.

If Plaintiff is able to identify the doe defendant, he should file a motion to substitute.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against defendant John Doe on Plaintiff's claims for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285;

---

[1] If after being served with the subpoena the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel.  The motion must be filed with the Court and served on the California Department of Corrections and Rehabilitation.

3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285;
4. Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of John Doe; and
5. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **May 9, 2019**

/s/ Elvin P. Grosjean
UNITED STATES MAGISTRATE JUDGE