UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | Case No. 1:19-cv-00539-NONE-EPG (PC) |
| Plaintiff, | ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |
| v. | |
| G. PLACENCIA, | |
| Defendant. | |

Thomas Gleason, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2020, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Jeremy Duggan telephonically appeared on behalf of Defendant.

During the Conference, and with the benefit of the scheduling conference statement provided by Defendant and the initial disclosures provided by Plaintiff, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this

///

///

1

action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3] that:

> 1. Defendants have sixty days from the date of service of this order to produce to Plaintiff witness statements and evidence gathered from investigation(s) into the incident(s) at issue in the complaint.  At this time Defendants do not have to produce internal reviews or internal critiques.  If any witness statements or evidence is withheld pursuant to the official information privilege, the withheld statements and evidence shall be submitted to the Court for *in camera* review pursuant to the procedures laid out in the Court's scheduling order.

///
///
///
///
///

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F).  *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").  Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery.").  *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

2. Within sixty days from the date of service of this order, Defendants shall produce to Plaintiff all relevant medical and psychiatric records from 2017 that relate to the incident(s) at issue in the complaint or serve their objections to producing these documents.  Plaintiff may challenge any objections by filing a motion to compel.

IT IS SO ORDERED.

Dated: __**March 23, 2020**__      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE