UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON,<br><br>        Plaintiff,<br><br>    v.<br><br>G. PLACENCIA,<br><br>        Defendant. | No. 1:19-cv-00539-LJO-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 34 & 40) |

      Thomas Gleason ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      In his second amended complaint, plaintiff alleges as follows. (*See* Doc. No. 27 at 3.) On March 20, 2017, plaintiff was housed at Delano State Prison when the defendant, G. Palencia, a Correctional Officer, gave mail to an inmate to be distributed. (*Id.*) That inmate placed most mail addressed to black inmates in the trash. (*Id.*) Plaintiff retrieved three letters addressed to him from the trash and informed defendant of what had occurred. (*Id.*) Defendant's initial response was dismissive, and when plaintiff requested an inmate grievance form, defendant asked plaintiff why he wanted the form. (*Id.*) Plaintiff responded that he "was going to 602 this matter." (*Id.*) Defendant then ordered plaintiff to turn around, placed plaintiff in handcuffs, took him to a sally port, pressed his face against a wall, hit him on the

side of the head, and punched him in the ribs. (*Id.*) After informing plaintiff that defendant runs the building where plaintiff is housed as defendant sees fit, defendant asked plaintiff if he understood. (*Id.*) Not wanting to be hit again, plaintiff said "yes." (*Id.*) Defendant then asked plaintiff if he still wanted an inmate grievance form. (*Id.*) Plaintiff responded that he no longer wanted a form. (*Id.*) Defendant slapped plaintiff on the side of the head and said "yeah, that's what I thought." (*Id.*) Defendant then instructed plaintiff to "go lock up." (*Id.*) Plaintiff brings an Eighth Amendment claim asserting excessive use of force and a First Amendment claim for retaliation.

On December 17, 2019, defendant filed a motion to dismiss plaintiff's retaliation claim. (*See* Doc. No. 34.) Defendant argues that plaintiff's oral request for an inmate grievance form, coupled with plaintiff's oral response to defendant's question stating he (plaintiff) intended to file an inmate grievance about the incident, are insufficient to support a retaliation claim because the "oral statements" are not constitutionally protected conduct. (Doc. No. 34-1 at 1.) Defendant further argues that even if the statements are constitutionally protected conduct, defendant is entitled to dismissal on qualified immunity grounds because the protected nature of the "oral threat" was not clearly established at the time of the incident. (*Id*. at 2.) On December 26, 2019, plaintiff filed his opposition to defendant's motion. (Doc. No. 37.) On December 31, 2019, defendant replied. (Doc. No. 38.) And on January 14, 2020, plaintiff filed a sur-reply. (Doc. No. 42.)

On January 9, 2020, prior to receipt of plaintiff's sur-reply, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion to dismiss be denied. (*See* Doc. No. 40.) The findings and recommendations first recognize that filing an administrative grievance is protected activity and that defendant had conceded that point in his motion to dismiss. (Doc. Nos. 40 at 4–5, 34-1 at 4.) The findings and recommendations next conclude that "a threat to file a grievance is protected conduct" and finally that the protected nature of the conduct was clearly established on the date of the alleged incident. (Doc. No. 40 at 5–10.) The magistrate judge discussed the Ninth Circuit's decision in *Entler v. Gregoire*,
/////

872 F.3d 1031 (9th Cir. 2017), in analyzing the motion to dismiss on the grounds of qualified immunity. (*Id*.)

The parties were provided an opportunity to file objections to the findings and recommendations. On January 23, 2020, defendant did so, objecting to the determination that he is not entitled to dismissal on qualified immunity grounds. (*See* Doc. No. 44.) Defendant puts forth two arguments. (*Id.* at 3–6.) First, defendant argues that it was not clearly established that an oral threat to file a grievance was constitutionally protected conduct on March 20, 2017—the date of events. (*Id.* at 34.) Defendant correctly notes that *Entler* was decided on October 6, 2017, after the conduct in this case occurred. (*Id*. at 4–6.) Defendant argues, *Entler* cannot support the determination that he is *not* entitled to qualified immunity. (*Id*.) Second, defendant argues that *Entler* is, in any event, inapplicable because the qualified immunity analysis in that case "addressed a written threat" to file a lawsuit submitted in a grievance form, and this case, by contrast, involves "an oral threat to file a grievance." (*Id*. at 2, 4-5.)

The magistrate judge concluded that, based on previous Ninth Circuit precedent cited by the court in *Entler*, that plaintiff's conduct in this case was constitutionally protected, and the protection was clearly established at the time of the events. The court agrees with the magistrate judge's conclusions and is not persuaded that defendant is entitled to dismissal on qualified immunity.

To begin, defendant's reading of *Entler* ignores aspects of that decision: the defendants in *Entler* were denied qualified immunity as it related to the plaintiff's threats to file a civil suit (as opposed to his threat to file criminal charges) precisely because it was already clearly established at the time of events involved in *Entler*—June and July 2012—that a threat to file a civil suit was constitutionally protected conduct. *Entler*, 872 F.3d at 1043. If defendants in *Entler* were not entitled to qualified immunity based on conduct that occurred in 2012, then a defendant whose similar alleged conduct is not entitled to qualified immunity based on the absence of clearly established law with respect to events that allegedly occurred some five years later in 2017.

Defendant's argument that an oral request for a grievance form and an oral threat to file a grievance are not protected conduct is unpersuasive. He repeats this argument from his motion to dismiss, citing the same district court decisions, even though the Ninth Circuit in *Entler* noted the binding Ninth Circuit precedent pre-dating the events at issue here. Indeed, the Ninth Circuit in *Entler* stated: "The district court should have recognized [ ] that the form of the complaints—even if verbal, let alone, as here, written—is of no constitutional significance, and that threats to sue fall within the purview of the constitutionally protected right to file grievances." *Entler*, 872 F.3d at 1039 (citing *Hargis v. Foster*, 312 F.3d 404, 411 (9th Cir. 2002)). The court also contrasted the district court's analysis with "[a]nother district court in our circuit" that "correctly recognized [ ] that the form of the grievance is of no constitutional moment." *Id.* at 1039 n.13 (citing *Merrick v. Ellis*, No. 5:15-cv-1052-MMM (GJS), 2015 WL 9999194, at *6 (C.D. Cal. Nov. 30, 2015), *report accepted as modified*, No. EDCV 15-1052-AB (GJS), 2016 WL 447796 (C.D. Cal. Feb. 4, 2016)). Here, defendant's attempt to distinguish between plaintiff's "oral threat" and a "written threat" is also of no moment, based on binding Ninth Circuit precedent predating *Entler*.

The Ninth Circuit, as the magistrate judge did here, has rejected defendant's distinction between a lawsuit and a grievance as well as that between the threat of filing and an accomplished act as follows:

> The dichotomy that the district court drew between formal and informal grievances has no constitutional underpinning; nor does the distinction between a threat to initiate litigation and the litigation. To the contrary, "[t]he applicability of the constitutional right to redress of grievances does not hinge on the label the prison places on a particular complaint," *Brodheim v. Cry*, 584 F.3d 1262, 1267 n.4 (9th Cir. 2009), and embraces threats to sue, *Jones v. Williams*, 791 F.3d 1023, 1035–36 (9th Cir. 2015). Thus, in *Jones*, where the prisoner was sanctioned for verbally confronting the Penitentiary's Assistant Food Services Manager in the prison's kitchen "with complaints of discrimination and a threat to sue," we held that summary judgment dismissing plaintiff's retaliation claim was improper because "Jones's [verbal] complaints of discrimination to his supervisors and statements of intention to file suit were conduct protected by the First Amendment." *Id.*

*Entler*, 872 F.3d at 1039.  Thus, the Ninth Circuit has stated prior to *Entler* that the label attached to a prisoner's complaint is immaterial.  Likewise, threats of action, through either inmate grievance or lawsuit, have been clearly "embraced" as one of the contours of the constitutional right to redress of grievances.

Moreover, the district court decisions cited by defendant actually do conclude that threatening to file a grievance or complaint is protected conduct, even if those courts arrived at that determination by other means.[1]

Next, the magistrate judge declined to address whether plaintiff engaged in protected conduct by requesting an inmate grievance form, explaining that "[b]ecause Plaintiff has alleged that he threatened to file a grievance," further analysis was unnecessary.  (Doc. No. 40

---

[1] *Gleason v. Franklin*, No. CV 15-8380-CBM (DFM), 2017 WL 3203404, at *5-6 (C.D. Cal. May 16, 2017), *report and recommendation adopted*, No. CV1508380CBMDFM, 2017 WL 3197226 (C.D. Cal. July 26, 2017), citing *Gifford v. Atchison, Topeka & Santa Fe Ry. Co.*, 685 F.2d 1149, 1156 n.3 (9th Cir. 1982) to support finding "'no legal distinction to be made between the filing of a charge which is clearly protected and threatening to file a charge' " and further observing "… the majority of district courts in California to have addressed this issue have held that an inmate's threat to file a prison grievance is entitled to First Amendment protection," though ultimately concluding that in 2012, threats to file a grievance were not clearly protected and qualified immunity applied); *Christ v. Blackwell*, No. 2:10-CV-0760-EFB P, 2016 WL 4161129, at *8 (E.D. Cal. Aug. 4, 2016) (finding "[m]ost courts that have addressed the issue have concluded that an inmate's threat to file a grievance constitutes protected speech unless it is delivered in an argumentative, confrontational, or disorderly manner" but "reluctantly" concluding that, "at the time of the incident underlying this action (2008), it was not firmly established that a prisoner's threat to file a grievance (as opposed to a written grievance or lawsuit) constituted conduct protected by the First Amendment"); *Ahmed v. Ringler*, No. 2:13-cv-1050 MCE DAD P., 2015 WL 502855 (E.D. Cal. Feb. 5, 2015) (finding plaintiff's conduct of verbally and informally complaining about a prior search and seizure of his property protected but concluding it was not clearly established in 2012 that "a prisoner's verbal complaint (as opposed to filing a formal grievance or lawsuit) constituted protected conduct under the First Amendment").  Moreover the cases cited by defendant also addressed facts distinguishable from those presented here, primarily encompassing threats to file a grievance rendered in a future-oriented manner ("do X, or I will file a grievance").  *See e.g. Christ*, 2016 WL 4161129, at *5 ("[P]laintiff told [the defendant] that if [the defendant] again failed to call plaintiff's building for plaintiff to pick up his pain medication, plaintiff would file a staff complaint."); *Ahmed*, 2015 WL 502855 (finding that the defendant corrections officers took adverse action against plaintiff based on his protected conduct of verbally and informally complaining about a prior search and seizure of his property).

at 5 n.2.) Plaintiff, did not characterize his request for a grievance form as a "threat" in his second amended complaint. While he did use the term "threat" in his opposition to the pending motion to dismiss (Doc. No. 37 at 2), it is unclear whether he did to because he believes that reflects the nature of his claim or whether he was merely attempting to rebut defendant's characterization and legal argument. Here, according to the complaint's allegations, it was defendant who asked plaintiff why plaintiff wanted the inmate grievance form.

      Some courts, but not all, have treated a prisoner's request for a grievance form as distinct from a threat to file a grievance or lawsuit, often citing *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), in which the court stated: "Of fundamental import to prisoners are their First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts" (internal quotations and citation omitted). Cases involving this type of allegation—failure to produce a form or allow access to a form necessary for prison grievances or complaints—have found refusal to produce such a form violative of the First Amendment right underlying the form's purpose. *See Newman v. Hartley*, No. 1:11-CV-1177-MJS PC, 2012 WL 2532247, at *2-3 (E.D. Cal. June 29, 2012) (finding that an inmate's request for grievance forms constituted "pursuit of protected conduct," specifically "attempting to obtain grievance forms that would allow him to complain," which was "protected conduct under the First Amendment" because "filing a grievance" and "[p]ursuing a civil rights legal action" are both protected conduct under the First Amendment); *Howard v. Foster*, 208 F. Supp. 3d 1152, 1160 (D. Nev. 2016) (denying defendants' motion for summary judgment where an inmate alleged corrections officers retaliated against him for both filing a civil rights lawsuit and requesting grievance forms, and finding whether the officers knew about the civil rights lawsuit, "they were certainly aware that [the inmate] requested grievance forms from them while they were searching his cell," which was adequate to allege retaliation); *Caputo v. Gonzalez*, No. 1:15-cv-01008-EPG (PC), 2018 WL 1426293, at *1 (E.D. Cal. Mar. 22, 2018), *report and recommendation adopted sub nom. Caputo v. Gonzales*, No. 1:15-cv-01008-LJO-EPG (PC), 2018 WL 1941547 (E.D. Cal. Apr. 25, 2018) (finding that an inmate's allegation he was assaulted for asking for a grievance form constituted adverse action against inmate for inmate's

protected conduct); *Farvela v. Barth*, No. 2:16-cv-00831-RFB-PAL, 2018 WL 3469014, at *2 (D. Nev. July 18, 2018) (denying defendant's motion for summary judgment and finding that an inmate's "request for a grievance form was a protected activity" where plaintiff objected to the confiscation of certain of his materials and requested a grievance form from the defendant, "who refused to give him one" and instead falsified charges against the plaintiff).

Whether plaintiff's conduct constituted a threat to file an inmate grievance or the first step in the grievance filing process is immaterial: as binding Ninth Circuit precedent establishes, plaintiff's conduct was constitutionally protected and the protected nature of that conduct was clearly established at the time of the events in this case. Assuming plaintiff's allegations to be true, as the court must on a motion to dismiss, the court finds the "form of a grievance" is not a "proper distinction to be drawn in terms of a 'clearly established right'." *Merrick*, 2015 WL 9999194, at *5-6 (declining to decide defendant's entitlement to qualified immunity on motion to dismiss because any ruling should be based on "a tangible set of facts with evidentiary support," but noting that the court "ha[d] reason to doubt" defendants' argument for qualified immunity predicated on a distinction between verbal and written complaints).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, and in light of the binding Ninth Circuit authority addressed above, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The January 9, 2020 findings and recommendations (Doc. No. 40), are ADOPTED in full;

2. Defendant's motion to dismiss (Doc. No. 34) is DENIED;

/////
/////
/////
/////

3. Defendant has twenty-one days from the date this order is entered to file his answer; and

4. This case is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **June 29, 2020**  /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE