UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>G. PLACENCIA,<br><br>    Defendant. | Case No. 1:19-cv-00539-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF. NO. 54) |

Thomas Gleason ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is proceeding on Plaintiff's Second Amended Complaint, "on Plaintiff's claims against defendant G. Placencia for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment." (ECF No. 28, pgs. 1-2).

On July 20, 2020, Plaintiff filed a motion to compel discovery. (ECF No. 54). On August 5, 2020, Defendant filed his opposition. (ECF No. 57). Plaintiff's motion to compel is now before the Court.

**I.    The Request at Issue**[1]

In Plaintiff's First Set of Requests for Production of Documents, Request for Production

---

[1] Plaintiff did not attach a copy of his request or Defendant's response to the motion he filed with the Court, even though he was directed to do so (ECF No. 50, p. 4). However, Plaintiff apparently attached at least some of the relevant documents to the motion he served on Defendant, and Defendant provided the documents to the Court. The Court appreciates that Defendant provided these documents.

1

No. 1, Plaintiff requested:

> the production of any and all complaints filed against defendant G. Placencia for excessive force while employed at Delano State Prison.  This request includes any and all complaint, grievancess involving excessive force herein after excessive force wherein the defendant filed a report or offered testimony that was false misleading or tending to cover-up the conduct.  any additional acts involving dishonest criminal acts of moral turpitude the names address telephone numbers of all person whom were witness to any of thease acts.

(ECF No. 57, pgs. 26-27) (errors in original).[2]

> Defendant's response was as follows:
>
> Objection.  This request is overbroad, seeks documents that are irrelevant and the information is not proportional to the needs of the case.  This request seeks information that is improper character evidence.  This request assumes facts, i.e. that Defendant "filed a report or offered testimony that was false misleading or tending to cover up the conduct."  To the extent the request seeks documents contained in Defendant's personnel files, the request seeks documents protected by the federal common law official information privilege, California Government Code section 6254, California Evidence Code Sections 1040, 1041 and 1043, Penal Code sections 832.7 and 832.8, and Defendant's common law right to privacy.  To the extent the request seeks appeal inquiry records for 602 administrative appeals by Plaintiff or other inmates and designated as staff complaints, the request seeks information that is protected from disclosure by the federal common law official information privilege, and by regulations, including but not limited to Title 15, California Code of Regulations (Title 15) sections 3084.9, 3321 and 3370, and CDCR Department Operations Manual (DOM) section 54100.25.2.  To the extent the request seeks use of force reviews/critiques conducted by CDCR in connection with every use of force and/or CDCR Internal Affairs investigation records, the request seeks information that is protected from disclosure by the federal common law official information privilege, and confidential documents under applicable provisions of Title 15, California Code of Regulations including sections 3084.9 and 3321, and the DOM, and the disclosure of which would compromise the safety and security of the institution, inmates and staff.  This request seeks documents containing confidential and private information about inmates' safety issues, custody classifications, prison security, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution, and violates the inmates' right to privacy and confidentiality.  Defendant notes that the records of Plaintiff's staff complaint for the events that are the subject of this lawsuit are responsive to this request.  Plaintiff is already

---

[2] It appears that Plaintiff filed a Second Set of Requests for Production of Documents, in which Plaintiff also asked for "production of any and all complaints filed against the defendant for excessive force while employed at Delano State Prison."  (ECF No. 57, pgs. 13-14); (see also id. at 33).

in possession of his own staff complaint and the responses to the staff complaint, and therefore those records are not produced in response to this discovery request. The confidential records of the appeal inquiry into Plaintiff's staff complaint, which include narratives of witness statements, were previously produced to Plaintiff in Defendant's response to a Court order (ECF No. 49) and therefore will not be produced again in response to this discovery request. Defendant has not located any other responsive documents that are not subject to the objections stated in this response. Documents that are being withheld based on the objections stated in this response are identified in the Privilege Log that is served with these responses.

(ECF No. 57, pgs. 27-28).

## II.   Plaintiff's Motion to Compel

Plaintiff appears to argue that the records identified in the privilege log that was provided in response to Plaintiff's First Set of Requests for Production of Documents, Request for Production No. 1, should be produced because Plaintiff's interests outweigh any interest Defendant might assert. Plaintiff argues that his request satisfies the relevance standard of Federal Rule of Civil Procedure 26, that is, his request is "reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 54, pgs. 2-3). Plaintiff states that he cannot be expected to know what is in Defendant's file. However, Plaintiff argues that if what is in Defendant's file shows a pattern of behavior, Plaintiff should be given the discovery.

## III.   Defendant's Opposition to Motion to Compel Production of Documents

Defendant alleges that "[t]here are records of one other complaint against Defendant alleging his excessive use of force." (ECF No. 57, p. 1). Defendant argues that these records should not be produced because they are subject to the official information privilege, are privileged and confidential under state law, are inadmissible as improper character evidence, and will not lead to the discovery of admissible evidence.

## IV.   Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).[3]

Federal Rule of Evidence 404 states:

**(a) Character Evidence.**

> **(1) Prohibited Uses**.  Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

> . . .

**(b) Crimes, Wrongs, or Other Acts.**

> **(1) Prohibited Uses**.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> **(2) Permitted Uses; Notice in a Criminal Case**.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(a) & (b).

Federal Rule of Evidence Rule 406 states that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."  Fed. R. Evid. 406.

**V.      Analysis**

Plaintiff appears to be asking the Court to compel Defendant to produce the records identified in Defendant's privilege log (ECF No. 57, p. 40).  Because it does not appear that records regarding a different excessive force incident involving a different inmate are relevant to any party's claim or defense in this action, except as inadmissible character evidence,

---

[3] Federal Rule of Civil Procedure 26(b)(1) no longer states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff's motion will be denied.

In this case, Plaintiff alleges that, after he asked for a 602 form, Defendant cuffed him and then took him to the sally port. Defendant then pressed Plaintiff's face against the wall and hit him on the side of the head and in the ribs. After a short conversation, Defendant then slapped Plaintiff.

Plaintiff has not explained how records regarding a different excessive force incident involving a different inmate are relevant in this action, and it is not obvious that they are. Plaintiff does allege that the records could show a pattern of behavior. However, Plaintiff does not explain how. To the extent Plaintiff is attempting to use evidence of a different excessive force incident to show that Defendant used excessive force in the incident alleged in this action, that use would be inadmissible as character evidence. To the extent that Plaintiff is attempting to allege a habit, Plaintiff has not sufficiently shown that the records could be used in this case to show habit. "Habit 'describes one's regular response to a repeated specific situation.' Fed.R.Evid. 406 advisory committee note (describing conduct that qualifies as habit as 'semi-automatic'). In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001) (footnote omitted), overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (*en banc*). Here, there is no indication that Defendant's regular response to a repeated specific situation is to assault inmates. At most, Plaintiff has evidence that Defendant assaulted inmates on two occasions (the incident in his case, and the incident alleged in the records Plaintiff is seeking), which is not enough to establish habit.

Thus, based on Plaintiff's motion, it does not appear that records regarding a different excessive force incident involving a different inmate are relevant to any party's claim or defense in this action, except as inadmissible character evidence, and Plaintiff's motion will be

\\\

\\\

denied.[4]

**VI.   Order**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 54) is DENIED.

IT IS SO ORDERED.

Dated:   **September 2, 2020**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[4] Because the documents are not relevant, the Court will not address Defendant's other arguments as to why he should not be required to produce the documents.