1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | Case No. 1:19-cv-00539-NONE-EPG (PC) |
| Plaintiff, | ORDER SETTING TELEPHONIC TRIAL CONFIRMATION HEARING AND RELATED DEADLINES |
| v. | ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 281(b) |
| | Plaintiff's Pretrial Statement:                 August 6, 2021 |
| G. PLACENCIA, | |
| Defendant(s). | Defendant(s)' Pretrial Statement:              September 3, 2021 |
| | Telephonic Trial Confirmation Hearing: October 6, 2021                               Time: 8:15 a.m.                               Courtroom 4 (NONE) |

10
11
12
13
14
15
16
17
18
19
20

21    The deadline for the parties to file motions for summary judgment passed, and neither

22  party filed a motion for summary judgment.  Additionally, a settlement conference was held on

23  June 9, 2021, and the case did not settle.  Accordingly, the Court now sets a telephonic trial

24  confirmation hearing and related deadlines.

25  **I.      TELEPHONIC TRIAL CONFIRMATION HEARING**

26    A Telephonic Trial Confirmation Hearing is set for **October 6, 2021, at 8:15 a.m.**, in

27  Courtroom 4, before the assigned district judge.  Counsel for Defendant(s) is required to arrange

28  for the participation of Plaintiff in the Telephonic Trial Confirmation Hearing and to initiate the

1   telephonic hearing by arranging a one-line conference call and telephoning the Court at (559)

2   499-5680.

3       In addition to the matters already required to be addressed in the pretrial statement in

4   accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in

5   order to obtain the attendance of witnesses.  The procedures and requirements for making such a

6   showing are outlined in detail below.  Plaintiff is advised that failure to comply with the

7   procedures set forth below may result in the preclusion of any or all witnesses named in

8   Plaintiff's pretrial statement.

9       At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of

10  the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of

11  trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to

12  produce all of the evidence to prove Plaintiff's case, whether that evidence is in the form of

13  exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, Plaintiff must follow

14  certain procedures to ensure that the witnesses will be at the trial and available to testify.

15      1.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to

16  Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give

17  testimony cannot come to court unless this Court orders the warden or other custodian to permit

18  the witness to be transported to court.  This Court will not issue such an order unless it is satisfied

19  that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual

20  knowledge of relevant facts.

21      A party intending to introduce the testimony of incarcerated witnesses who have agreed to

22  voluntarily attend the trial must serve and file a written motion for a court order requiring that

23  such witnesses be brought to court at the time of trial.  The motion must: (1) state the name,

24  address, and prison identification number of each such witness; and (2) be accompanied by

25  declarations showing that each witness is willing to testify and that each witness has actual

26  knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of

27  Incarcerated Witnesses."

28      The willingness of the prospective witness can be shown in one of two ways: (1) the party

2

him or herself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (*e.g.*, if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify); or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

2.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The Court will review and rule on the motion(s) for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the writs necessary to cause the witnesses' custodian(s) to bring the witnesses to court.

Motion(s) for the attendance of incarcerated witnesses, if any, must be filed on or before **August 6, 2021**.  Opposition(s), if any, must be filed on or before **September 3, 2021**.

3

3. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

4. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.*  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshals Service unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshals Service serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **September 3, 2021**.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his or her witnesses, in compliance with the instructions above, no later than **August 6, 2021**.

Plaintiff shall file and serve a pretrial statement as described in this order on or before **August 6, 2021**.  Defendant(s) shall file and serve a pretrial statement as described in this order on or before **September 3, 2021**.

4

1    The parties are advised that failure to file pretrial statements as required by this order may

2    result in the imposition of appropriate sanctions, which may include dismissal of the action or

3    entry of default.

4    The Clerk of Court is directed to send Plaintiff a copy of Local Rule 281(b).

5    **II.    EFFECT OF THIS ORDER**

6    Any party unable to comply with the dates outlined in this order shall immediately file an

7    appropriate motion or stipulation identifying the requested modification(s).

8    ***The dates set in this order are considered to be firm and will not be modified absent a***

9    ***showing of good cause, even if a stipulation to modify is filed***.  Due to the impacted nature of the

10   civil case docket, this Court disfavors requests to modify established dates.

11   Failure to comply with this order may result in the imposition of sanctions.

12

13   IT IS SO ORDERED.

14   Dated:   **June 14, 2021**                    /s/ Erica P. Grosjean

15                                                                  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28