UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., <br><br> Plaintiff, <br><br> v. <br><br> G. PLACENCIA, <br><br> Defendant. | Case No. 1:19-cv-00539-NONE-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL <br><br> (ECF No. 75) |

    Thomas Gleason, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On July 15, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 75). Plaintiff asks for appointment of counsel because this case will require him to take the stand to testify on his behalf; because this is an exceptional circumstance; because this case has merit; because of the complexity of this case and the legal issues involved; and because, should this case proceed to trial, this case will be quite difficult to present to a jury.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can adequately articulate his claims.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED.

IT IS SO ORDERED.

Dated:   **July 26, 2021**                             /s/ *Erica P. Grosjean*
                                                                        UNITED STATES MAGISTRATE JUDGE