1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS LEE GLEASON, JR.,              No. 1:19-cv-00539-NONE-EPG (PC)

12            Plaintiff,

13        v.                              TENTATIVE PRETRIAL ORDER

14   G. PLACENCIA,

15            Defendant.

16

17        On October 8, 2021, the court conducted a pretrial conference in this action.  Plaintiff

18   Thomas Lee Gleason, Jr., appeared *pro se* via Zoom; Deputy Attorney General David C.

19   Goodwin appeared via Zoom as counsel for defendant Placencia.  Having considered the parties'

20   pretrial statements, the court issues this tentative pretrial order.

21        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights

22   action brought pursuant to 42 U.S.C. § 1983 against defendant Placencia.  Plaintiff claims that

23   defendant retaliated against him and used excessive force on him after he asked defendant for an

24   inmate grievance form and told defendant that he was going to file a grievance regarding

25   defendant's conduct.

26   I.   JURISDICTION/VENUE

27        Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.  Jurisdiction is not contested.

28        Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

1

II.  **JURY**

Both parties demanded a trial by jury.  The jury will consist of seven jurors.

III.  **UNDISPUTED FACTS**

1.  Plaintiff Thomas Gleason (H-47517) is a California state prisoner.

2.  At the time of the events, Placencia was a Correctional Officer who worked for the California Department of Corrections and Rehabilitation ("CDCR").

3.  The events occurred at North Kern State Prison in Delano.

IV.  **DISPUTED FACTUAL ISSUES**

1.  Whether Gleason confronted Placencia regarding the distribution of inmate mail.

2.  Whether Placencia responded to Gleason by saying, "don't tell me how to run the unit."

3.  Whether Gleason asked Placencia for a grievance form.

4.  Whether Placencia asked Gleason why he wanted the grievance form.

5.  Whether Gleason told Placencia he was going to file a grievance regarding the Placencia's conduct.

6.  Whether Placencia handcuffed Gleason and escorted him to the sally port.

7.  Whether Placencia pressed Gleason's face against the wall, hit Gleason in the ribs, and slapped him on the side of the head.

8.  Whether Placencia dissuaded Gleason from submitting a grievance form.

9.  Whether Gleason suffered any injuries as a result of Placencia's alleged actions.

V.  **DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE**

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Nonetheless, any motions *in limine* the parties elect to file shall be filed no later than **28 days before trial**.  Oppositions shall be filed no later than **14 days before trial** and any replies shall be filed no later than **7 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day

2

1  of trial.

2  VI.    SPECIAL FACTUAL INFORMATION

3         Special factual information pursuant to Local Rule 281(b)(6) is not applicable to this

4  action.

5  VII.   RELIEF SOUGHT

6         1.      Plaintiff seeks $150,000 in compensatory damages and $150,000 in punitive

7  damages.

8         2.      Defendant seeks a judgment in his favor and an award of costs.

9  VIII.  POINTS OF LAW

10        The claims arise under federal law.  Plaintiff's claims are brought against defendant

11 Placencia.

12        1.      The elements of, standards for, and burden of proof in a cause of action for

13                retaliation in violation of the First Amendment.

14        2.      The elements of, standards for, and burden of proof in a cause of action for

15                excessive force in violation of the Eighth Amendment.

16        3.      The elements of, standards for, and burden of proof for an award of punitive

17                damages.

18        Trial briefs addressing the points of law implicated by the remaining claims shall be filed

19 with this court no later than **7 days before trial** in accordance with Local Rule 285.  Defendant

20 may not raise any affirmative defenses at trial that are not included in his pretrial brief.

21        ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

22 LISTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

23 BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

24 IX.    ABANDONED ISSUES

25        None.

26 X.     WITNESSES

27        Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall

28 /////

3

1    be those listed in **Attachment B**.[1]  Each party may call any witnesses designated by the other.

2    Additionally, Dr. Steven Mo and Dr. Jaime Cortes may testimony via videoconference.

3          A.   **The court does not allow undisclosed witnesses to be called for any purpose,**

4                  <u>**including impeachment or rebuttal**</u>**, unless they meet the following criteria:**

5              (1)   The party offering the witness demonstrates that the witness is for the

6                        purpose of rebutting evidence that could not be reasonably anticipated at

7                        the pretrial conference; or

8              (2)   The witness was discovered after the pretrial conference and the proffering

9                        party makes the showing required in paragraph B, below.

10         B.   Upon the post pretrial conference discovery of any witness a party wishes to

11              present at trial, the party shall promptly inform the court and opposing parties of

12              the existence of the unlisted witnesses so the court may consider whether the

13              witnesses shall be permitted to testify at trial.  The witnesses will not be permitted

14              unless:

15             (1)   The witness could not reasonably have been discovered prior to the

16                       discovery cutoff;

17             (2)   The court and opposing parties were promptly notified upon discovery of

18                       the witness;

19             (3)   If time permitted, the party proffered the witness for deposition; and

20             (4)   If time did not permit, a reasonable summary of the witness's testimony

21                       was provided to opposing parties.

22   /////

23   /////

24   /////

25   /////

26

27   [1]  Defendant is not required to call all of the witnesses listed.  However, Correctional Officer V. Zavala and Correctional Lieutenant D. Ramos shall be present by 9:30 a.m. on the first day of

28   trial and shall be available for plaintiff to call on direct examination in his case in chief.

1  XI.   EXHIBITS, SCHEDULES, AND SUMMARIES

2   Joint exhibits are listed in **Attachment C**.  At trial, joint exhibits shall be identified as JX

3  and listed numerically, e.g., JX-1, JX-2.  At the moment, the parties have not designated any joint

4  exhibits.[2]

5   Plaintiff's exhibits are listed in **Attachment D**.  Defendant's exhibits are listed in

6  **Attachment E**.  No exhibit shall be marked with or entered into evidence under multiple exhibit

7  numbers, and the parties are hereby directed to meet and confer for the purpose of designating

8  joint exhibits.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1,

9  JX-2.  Plaintiff's exhibits shall be listed numerically and defendant's exhibits shall be listed

10  alphabetically.  All exhibits must be pre-marked.  The parties must prepare three (3) separate

11  exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance

12  with the specifications above.  Each binder shall have an identification label on the front and

13  spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to

14  exhibits are due no later than **14 days before trial**.  In making any objection, the party is to set

15  forth the grounds for the objection.  The final exhibit binders are due **the Thursday before trial**.

16  As to each exhibit which is not objected to, it shall be marked and received into evidence and will

17  require no further foundation.

18   **The court does not allow the use of undisclosed exhibits for any purpose, <u>including**

19  **impeachment or rebuttal</u>, unless they meet the following criteria:**

20   A.   The court will not admit exhibits other than those identified above, unless:

21    (1)   The party proffering the exhibit demonstrates that the exhibit is for the

22     purpose of rebutting evidence that could not have been reasonably

23     anticipated; or

24    (2)   The exhibit was discovered after the issuance of this order and the

25     proffering party makes the showing required in paragraph B, below.

26  /////

27  _____

28  [2]  The parties are directed to confer about creating a joint exhibit list, which can be submitted as an objection to this pretrial order.

1    B. Upon the discovery of exhibits after the issuance of this order, a party shall

2     promptly inform the court and opposing parties of the existence of such exhibits so

3     that the court may consider their admissibility at trial.  The exhibits will not be

4     received unless the proffering party demonstrates:

5     (1) The exhibits could not reasonably have been discovered earlier;

6     (2) The court and the opposing parties were promptly informed of their

7      existence; and

8     (3) The proffering party forwarded a copy of the exhibits (if physically

9      possible) to the opposing party.  If the exhibits may not be copied the

10      proffering party must show that it has made the exhibits reasonably

11      available for inspection by the opposing parties

12 XII. DISCOVERY DOCUMENTS

13   The parties must lodge the sealed original copy of any deposition transcript to be used at

14 trial with the Clerk of Court no later than **14 days before trial**.

15   Defendant may use the following discovery documents at trial:

16   1. Plaintiff's interrogatory responses.

17   2. Portions of the transcript of plaintiff's deposition taken on March 3, 2021.

18   Plaintiff did not list any discovery documents that he intends to use at trial.

19 XIII. FURTHER DISCOVERY OR MOTIONS

20   Defendant states that no further discovery is necessary.  Defendant anticipates filing

21 motions *in limine* and requests that the deadline to file motions *in limine* be set at least twenty-one

22 days before the date set for trial.  If appropriate, defendant may move for judgment as a matter of

23 law under Federal Rule of Civil Procedure 50 at the close of plaintiff's case in chief and before

24 the case is submitted to the jury.

25 /////

26 /////

27 /////

28 /////

6

1   Law and Motion and Discovery are closed in this case.  Moreover, there is no indication in

2   plaintiff's pretrial statement that he needs further discovery or that he intends to file any motions.[3]

3   XIV.   STIPULATIONS

4          The parties have not entered into any stipulations.  However, to avoid unnecessary delay

5   and expense, defendant requests a stipulation that documents from plaintiff's central and medical

6   files be authenticated by declarations from the appropriate records custodians.

7   XV.    AMENDMENTS/DISMISSALS

8          None.

9   XVI.   SETTLEMENT

10          The parties participated in a settlement conference on June 9, 2021, before United States

11   Magistrate Judge Deborah Barnes, and were unable to reach a settlement.  More recently, on

12   August 2, 2021, counsel corresponded with plaintiff regarding a potential settlement, but has not

13   heard back.  Defendant does not anticipate that a further settlement conference would be helpful.

14   XVII.  JOINT STATEMENT OF THE CASE

15          The court has drafted the following neutral statement of the case to be read to the

16   prospective jurors:

17
               Plaintiff claims that, while he was incarcerated as a state prisoner,
18             defendant, a correctional officer at the prison, retaliated against
               plaintiff and used excessive force on plaintiff after plaintiff asked
               defendant for an inmate grievance form and told defendant that he
19             was going to file a grievance regarding defendant's conduct.
               Defendant denies that he retaliated against plaintiff and that he used
20             excessive force on plaintiff.

21   The parties are directed to raise any objection to this neutral statement of the case in any

22   objections they file to this tentative Pretrial Order.

23   XVIII. SEPARATE TRIAL OF ISSUES

24          There will be no separate trial of issues in this action.  However, as stated at the pretrial

25   conference, the court will bifurcate the trial with respect to the amount of punitive damages, if

26   necessary.  Should a jury find punitive liability in the first phase of the trial, the trial will proceed

27   _____

28   [3] Plaintiff did allege that defendant failed to provide medical records that the court ordered
     defendant to provide, but this issue has been resolved.  (Doc. No. 81.)

1   to a second phase which will consist of any evidence and argument with respect to the appropriate

2   amount, if any, of punitive damages.  The parties may not present evidence regarding the amount

3   of punitive damages until the second phase of the trial.

4   XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

5        None.

6   XX.    ATTORNEYS' FEES

7        Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees.  *Kay v. Ehrler*, 499

8   U.S. 432, 435 (1991).

9        Defendant will request an award of costs if he prevails at trial.

10   XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

11        Special handling of prison records and photographs may be appropriate as to any

12   confidential information where disclosure may compromise the safety and security of the

13   institution, staff, or other inmates, or impinge on plaintiff's medical privacy.

14        In the event that defendant is required to disclose information concerning his financial

15   status, he will request that the Court issue a protective order concerning this information, under

16   Local Rule 141.1(b)(2).

17        Defendant requests that the court retain exhibits pending appeal, if necessary.  As stated at

18   the pretrial conference, defendant's request for the court to retain exhibits pending appeal is

19   denied.  Pursuant to the court's policy, at the end of the trial, the court will return all exhibits to

20   their profferers to be retained during the pendency of any appeals.

21   XXII.  MISCELLANEOUS

22        None.

23   XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

24        Trial is anticipated to last no more than 3–4 days.  However, the court is not setting a trial

25   date at this time.  Instead, the court sets a trial setting status conference for **Friday, January 28,**

26   **2022, at 1:30 p.m.**  The parties shall appear at the conference with each party connecting

27   remotely either via Zoom video conference or Zoom telephone number.  The parties will be

28   provided with the Zoom ID and password by the Courtroom Deputy prior to the conference.  If

1  plaintiff is still incarcerated at the time of the conference, counsel for defendant is required to

2  arrange for the participation of plaintiff.  If plaintiff is not incarcerated, plaintiff should call Irma

3  Munoz, courtroom deputy, at (559) 499-5682, at least three days prior to the conference so that he

4  can obtain the Zoom information or discuss the possibility of appearing by telephone.

5      The parties are directed to Judge Drozd's standard procedures available on his webpage

6  on the court's website.  The Clerk of Court will be directed to serve plaintiff with a copy of those

7  procedures prior along with this tentative pretrial order.

8  XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

9      The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be

10  limited to fifteen minutes of jury *voir dire*.

11      The court directs the parties to meet and confer, if possible, in an attempt to generate a

12  joint set of jury instructions and verdict forms.  The parties shall file any such joint set of

13  instructions **21 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the

14  extent the parties are unable to agree on all or some instructions and verdicts, their respective

15  proposed instructions are due **21 days before trial**.

16      Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed

17  or disputed, as a Word document, to ljoorders@caed.uscourts.gov no later than **21 days before**

18  **trial**; all blanks in form instructions should be completed and all brackets removed.  This

19  requirement does not apply to plaintiff unless he is appointed counsel.

20      Objections to proposed jury instructions must be filed **7 days before trial**; each objection

21  shall identify the challenged instruction and shall provide a concise explanation of the basis for

22  the objection along with citation of authority.  When applicable, the objecting party shall submit

23  an alternative proposed instruction on the issue or identify which of his or her own proposed

24  instructions covers the subject matter in question.

25  XXV.  TRIAL BRIEFS

26      As noted above, trial briefs are due **7 days before trial**.

27  /////

28  /////

9

1     XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

2         Each party is granted **28 days from the date of this order** to file objections to the same.

3     Each party is also granted **14 days thereafter** to respond to the other party's objections.  Such

4     objections shall specify the requested modifications, corrections, additions, or deletions.  If no

5     objections are filed, the order will become final without further order of this court.

6         The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil

7     Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this

8     action and shall be modified only to prevent manifest injustice.

9

10    IT IS SO ORDERED.

11       Dated:    **October 15, 2021**          _____
                                                 UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **ATTACHMENT A:  Plaintiff's Witness List**

2  1.  Thomas Gleason.

3  2.  Defendant Placencia.

**ATTACHMENT B:  Defendant's Witness List**

1. Thomas Gleason.

2. G. Placencia, Correctional Officer.

3. V. Zavala, Correctional Officer.

4. J. Gallegos, Correctional Officer.

5. D. Ramos, Correctional Lieutenant.

6. J. Aldax, Correctional Sergeant.

7. O. Guzman, Correctional Sergeant.

8. Steven Mo, Physician & Surgeon.

9. Jaime Cortes, Physician & Surgeon.

10. Marcus Smith, Registered Nurse.

11. The custodian of records for Gleason's central inmate files.

12. The custodian of records for Gleason's medical and mental health files.

13. The custodian of records who maintain the central files for any prospective inmate witnesses.

**ATTACHMENT C:  JOINT EXHIBITS**

N/A

1

**ATTACHMENT D:  PLAINTIFF'S EXHIBITS**

2

1.  None.[4]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] If plaintiff wants to add exhibits, he may do so by objecting to this order.  As the court informed plaintiff on the record, plaintiff must identify his exhibits with specificity.

14

**ATTACHMENT E:  DEFENDANT'S EXHIBITS**

1. Gleason's CDCR chronological movement history.

2. Gleason's incoming/outgoing legal mail log at NKSP for March 2017.

3. CDCR 602 grievance log number NKSP-X-17-01429.

4. Video recorded interview of Gleason that was taken during the processing of the 602 with log number NKSP-X-17-01429.

5. Confidential supplement to CDCR 602 grievance log number NKSP-X-17-01429.

6. CDCR 7219 dated April 7, 2017.

7. Daily activities report for Facility B, second watch, dated March 20, 2017.

8. Daily log book entries for Facility B, second, dated March 20, 2017.

9. Photographs of all areas of the prison where the alleged incidents took place on March 20, 2017.

10. Relevant portions of Gleason's prison medical records from March 20, 2017, through the present.

11. Excerpts of Gleason's verified second amended complaint (Doc. No. 27.)

12. Abstract of Judgment representing Gleason's conviction and sentence.

13. Gleason's Probation Report.

14. Abstract(s) of Judgment representing conviction(s) and sentence(s) of Gleason's inmate witnesses, if any.